UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEONARD NORTHRUP,

    Plaintiff,

v.                                                               Case No: 8:14-cv-1627-T-27JSS

WERNER ENTERPRISE, INC. and KEN L. KESSLER,

    Defendants.
_____/

**ORDER ON PLAINTIFF'S MOTION**
**TO STRIKE DEFENDANTS' REBUTTAL WITNESS**

THIS MATTER is before the Court on Plaintiff's Motion to Strike Defendants' Rebuttal Witness. (Dkt. 11.) Defendants have filed a response in opposition to the motion. (Dkt. 16.)

**BACKGROUND**

Pursuant to the Case Management and Scheduling Order, the disclosure of expert testimony was due on May 15, 2015, and the deadline to disclose rebuttal experts was twenty (20) days after the initial disclosures, which was June 4, 2015. (Dkt. 7.) The discovery deadline is August 15, 2015, and the trial is scheduled during the Court's trial term beginning January 4, 2016. (Dkt. 7.)

Plaintiff timely served his expert witness disclosures on May 15, 2015, disclosing Dr. Elliot Stern, Ph.D., as an accident reconstruction expert. (Dkt. 11 at 1.) Upon receiving Plaintiff's disclosures, Defendants state that they retained Dr. Mark L. Edwards, Ph.D., as their rebuttal witness to Dr. Stern. (Dkt. 16 at 2–3.) On June 5, 2015, after Defendants retained Dr. Edwards and received his oral report, Defendants served their rebuttal expert disclosures, identifying Dr. Edwards as an expert in the field of human factors analysis and providing his expected opinion. (Dkt. 16 at 3.) However, Defendants' rebuttal expert disclosures did not include Dr. Edwards'

written report.  (Dkt. 16 at 4.)  On June 18, 2015, Defendants served an Amended Disclosure of Rebuttal Expert Witnesses and Reports, which included Dr. Edwards' written report.  (Dkt. 16, Ex. D.)

Plaintiff argues that Defendants' rebuttal witness should be stricken because the disclosure was untimely and because the disclosure did not include Dr. Edwards' written report.  (Dkt. 11 at 2.)  Plaintiff further argues that Dr. Edwards is not a proper rebuttal witness.  (Dkt. 11 at 2.)  In response, Defendants concede that their rebuttal expert disclosure was one day late.  (Dkt. at 3 n.2.)  However, Defendants urge this Court to exercise discretion under Federal Rule of Civil Procedure 37 and find that their untimely disclosure was harmless to the proceedings and will not unfairly prejudice Plaintiff.  (Dkt. 16 at 7.)

## APPLICABLE STANDARDS

Federal Rule of Civil Procedure 26 provides that expert disclosures must be made "at the times and in the sequence that the court orders."  Fed. R. Civ. P. 26(a)(2)(D).  The expert disclosure must be accompanied by a written report that contains the opinions the witness will express and the basis and reasons for those opinions.  Fed. R. Civ. P. 26(a)(2)(B).

If a party fails to provide information or identify a witness under Rule 26(a), then the party is not allowed to use that information or witness to supply evidence at trial "unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  Substantial justification exists if there is "justification to a degree that could satisfy a reasonable person that parties differ as to whether the party was required to comply with the disclosure request."  *Hewitt v. Liberty Mut. Grp., Inc.*, 268 F.R.D. 681, 682 (M.D. Fla. 2010) (quotation and citation omitted).  A harmless failure to disclose exists "when there is no prejudice to the party entitled to receive the disclosure."  *Id.* at 683.

The court has broad discretion in deciding whether a failure to disclose evidence is substantially justified or harmless under Rule 37(c)(1). *United States ex rel. Bane v. Breathe Easy Pulmonary Servs., Inc.*, No. 8:06-cv-00040-T-33MAP, 2009 WL 92826, at *3 (M.D. Fla. Jan. 14, 2009). In determining whether a failure to disclose evidence is substantially justified or harmless, courts are guided by the following factors: (1) the unfair prejudice or surprise of the opposing party; (2) the opposing party's ability to cure the surprise; (3) the likelihood and extent of disruption to the trial; (4) the importance of the evidence; and (5) the offering party's explanation for its failure to timely disclose the evidence. *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC*, 845 F. Supp. 2d 1241, 1250–51 (M.D. Fla. 2012).

## ANALYSIS

Defendants' untimely disclosure of its rebuttal expert by one day is harmless. *See Avramides v. Liberty Mut. Fire Ins. Co.*, No. 8:12-cv-02104-T-27TGW, 2014 WL 202662, at *4 (M.D. Fla. Jan. 17, 2014) (finding that the defendant's untimely disclosure of its rebuttal witness was harmless as it was only one day late and due to inadvertence, and the untimely expert report was provided approximately six months before trial). Likewise, Defendants' untimely disclosure of Dr. Edwards' written report is harmless. Defendants state that they provided Dr. Edwards' written report on the same day that they received the report from Dr. Edwards. (Dkt. 16 at 4–6.) Although Defendants filed their rebuttal expert disclosures two weeks after the rebuttal disclosures deadline, the untimely report was submitted almost two months before the discovery deadline and more than six months before trial, giving Plaintiff adequate time to conduct any necessary discovery. *See Ferguson v. Bombardier Servs. Corp.*, 244 F. App'x 944, 950 (11th Cir. 2007) (finding that district court's decision to permit expert report to be submitted after the deadline, but approximately eight months before the start of trial, was not an abuse of discretion); *Ellison v.*

*Windt*, No. 6:99-cv-01268-ORLKRS, 2001 WL 118617, at *3 (M.D. Fla. Jan. 24, 2001) (finding that a belated disclosure of the expert's report was harmless if the opposing party was given an opportunity to depose the expert before trial). The Court finds that the untimely disclosure is harmless.

Additionally, the Court finds that Dr. Edwards is a proper rebuttal witness. Rule 26 provides that rebuttal experts may be permitted to present evidence that contradicts or rebuts evidence on the same subject matter identified by an initial expert witness. Fed. R. Civ. P 26(a)(2)(D)(ii). Neither the Rules nor the Eleventh Circuit has defined or explained the term "same subject matter." As the parties have not identified binding precedent on this issue, the Court is persuaded by other courts that have addressed the term "same subject matter" and construed it broadly. *See Armstrong v. I-Behavior Inc.*, No. 11-cv-03340-WJM-BNB, 2013 WL 2419794, at *4 (D. Colo. June 3, 2013) (declining to confine the term in an overly restrictive manner); *1550 Brickell Assocs. v. QBE Ins. Corp.*, No. 07-22283-CIV, 2010 WL 1947636, at *2 (S.D. Fla. May 13, 2010) (agreeing with the concept that the term should not be so narrowly construed as to impose additional restrictions on the parties); *TC Sys. Inc. v. Town of Colonie*, 213 F. Supp. 2d 171, 180 (N.D.N.Y. 2002) (declining to construe the term narrowly on the basis that doing so would "impose an additional restriction on the parties that is not included in the Rules").

Plaintiff contends that Dr. Edwards is an improper rebuttal witness because he is being proffered for entirely new areas. (Dkt. 11 at 2.) Specifically, Plaintiff argues that Dr. Edwards' designation as an expert in the area of human factors analysis renders him an improper rebuttal witness because Plaintiff did not name an expert in the same field. (Dkt. 11 at 2.) There is no requirement that a rebuttal witness's area of expertise match the area of expertise of the opposing party's initial expert. Rather, Rule 26 only requires that the evidence contradict or rebut evidence

on the "same subject matter." Fed. R. Civ. P. 26(a)(2)(D)(ii).  Upon reviewing the reports of both experts, the Court finds that Dr. Edwards' report provides evidence in an attempt to rebut the opinions contained in Dr. Stern's report.  Therefore, Dr. Edwards is a proper rebuttal witness to the extent that his opinions attempt to contradict or rebut the opinions offered by Plaintiff's initial expert witnesses.  *See In re Puda Coal Sec. Inc., Litig.*, 30 F. Supp. 3d 230, 252 (S.D.N.Y. 2014) (stating that if the adverse party has not raised an issue to which such evidence is responsive, it is not "rebuttal" evidence).  Accordingly, it is

**ORDERED** that Plaintiff's Motion to Strike Defendants' Rebuttal Witness (Dkt. 11) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on August 11, 2015.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record